## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

NELSON VASQUEZ,

      Plaintiff,

                                     CASE NO.:

v.

TARGET CORPORATION,

      Defendant.

_____/

## DEFENDANT, TARGET CORPORATION'S
## <u>NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT</u>

      Defendant, **TARGET CORPORATION.** ("Target"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and Local Rule 1.06, hereby removes this action from the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, on the following grounds:

## <u>BACKGROUND</u>

      1.      On or about January 18, 2023, Nelson Vasquez ("Plaintiff") filed this civil action against Target in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida ("State Court"), captioned NELSON VASQUEZ v. TARGET CORPORATION, Case Number 22-CA-001441 ("Complaint").

2.     On January 25, 2023, Target was served with the Summons and Initial Complaint.

3.     On February 13, 2023, Target filed its Answer and Defenses.

4.     Both parties have served initial written discovery requests and responses.

5.     On April 28, 2023, Plaintiff served Answers to Target's Interrogatories, listing past medical expenses over $90,000.

6.     There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has jurisdiction over this action because there is the requisite diversity of citizenship between the Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## AMOUNT IN CONTROVERSY

7.     The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

8.     In his cause of action against Target, Plaintiff alleges that this is an action in excess of Fifty Thousand Dollars ($50,000.00). (Complaint at ¶1). Plaintiff alleges that he

> has suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of ability to earn money, and aggravation of preexisting condition. His losses are either permanent or continuing and Plaintiff suffer the losses in the future.

(Complaint at ¶ 10).

9.     In his Answers to Target's Interrogatories, served April 28, 2023, Plaintiff lists past medical expenses over **$90,000** with additional bills noted to be outstanding.  *See* Plaintiff's Answers to Interrogatories, attached hereto as **Exhibit "B"**.

10.     A defendant's notice of removal may assert the amount in controversy if the complaint seeks (a) non-monetary relief or (b) a money judgment and the State practice permits recovery in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A)(ii). As the Supreme Court has held, the notice "need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Mangano v. Garden Fresh Restaurant Corp.*, Case No. 2:15-cv-477-FtM-99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount") (citing *Dart*, 135 S. Ct. at 554).

11.     "[T]he district court must determine whether it had subject matter jurisdiction at the time of removal. That is, events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction."  *Poore v. Am.-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) (overruled in part on other grounds). "It therefore logically follows that subject matter jurisdiction is not defeated simply because the parties might anticipate a future reduction in

recoverable damages." *Henry v. K-Mart Corp.*, No. 8:10-CV-2105-T-33MAP, 2010 WL 5113558, at *4 (M.D. Fla. Dec. 9, 2010) ("Because Henry is, at the time of removal, entitled to seek $78,856.64 in medical expenses (regardless of a future set off), K–Mart has met its burden in establishing the required amount in controversy for federal subject matter jurisdiction. Therefore, the Court denies the motion to remand.").

12.    The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs and pursuant to 28 U.S.C § 1332(a).

### DIVERSITY OF CITIZENSHIP

13.    Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy is between citizens of different States – *i.e.* Plaintiff is not a citizen of the same state as Defendant.

14.    Plaintiff is a citizen of Florida and Target is a citizen of Minnesota.

15.    For diversity purposes, citizenship is equivalent to "domicile." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58. *See also Diller v. Heartland AG Group of Springfield, Inc.*, 5:10-CV-672-OC-34TBS, 2011 WL 13295824, at *3 (M.D. Fla. Sept. 28, 2011). To discern intent, the Court may consider factors including "home ownership, driver's license, voting registration, location of family, location of business and where taxes are

paid." *Turner v. Penn. Lumbermen's Mut. Fire Ins. Co.*, No. 3:07-cv-374-J-32TEM, 2007 WL 3104930, at *4 (M.D. Fla. Oct. 22, 2007); *see Juvelis v. Snider*, 68 F.3d 648, 654 (3d Cir. 1995) ("Persuasive evidence of intent can include establishment of a home, place of employment, location of assets, and registration of car, and, generally, centering one's business, domestic, social, and civic life in a jurisdiction."); *see also McCormick*, 293 F.3d at 1258.

16.     Plaintiff's Complaint does not allege his place of citizenship, but it does state, "[a]t all times material hereto, Nelson Vasquez, was an individual residing in Hillsborough County, Florida" (Complaint at ¶ 2).

17.     However, based on Plaintiff's Answers to Interrogatories, served April 28, 2023, Plaintiff resides in Tampa, Florida, and all of Plaintiff's listed medical providers are located in Florida. **Ex. B** at 1, 11, 20.

18.     Further, Plaintiff possesses a Florida license, his motor vehicles are registered in Florida, and he is registered to vote in the state of Florida. **Ex. C**.

19.     The foregoing information establishes that Plaintiff's true, fixed, and permanent home and principal establishment, to which he has the intention of returning whenever he is absent, is the State of Florida.

20.     Target is a citizen of the State of Minnesota. Specifically, Target is incorporated in Minnesota, and its principal place of business is in Minneapolis, Minnesota.

21.    "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business". 28 U.S.C.A. § 1332 (c)(1).

22.    Complete diversity of citizenship exists because Plaintiff is not a citizen of the same state as Defendant.

23.    Further, this action is removable because Target is not a citizen of Florida. *See* 28 U.S.C. § 1441(b)(2).

<h3 style="text-align:center">PROCEDURAL COMPLIANCE</h3>

24.    This Court has original jurisdiction of this civil action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. *See* 28 U.S.C. § 1332(a)(1).

25.    This Notice of Removal is timely because it was filed within 30 days after receipt by the defendant, through service, of a paper from which it may first be ascertained that the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b)(3); **Ex. B**.

26.    Removal to the Tampa Division of this Court is appropriate under Local Rules 1.04(a) because the action was filed in Hillsborough County, Florida.

27.    As required by 28 U.S.C. § 1446(a) and Local Rule 1.06(b), true and correct copies of all of the process, pleadings, orders and papers on file with the State Court in this action are attached hereto "**Composite Exhibit A**.".

28.    Pursuant to 28 U.S.C. § 1446(d), notice of this Notice of Removal is being provided to Plaintiff and the State Court Clerk contemporaneously with the filing of this Notice of Removal.

WHEREFORE, Defendant, **TARGET CORPORATION**, by and through their undersigned counsel, respectfully notice the removal of this action, now pending against them in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, Case No. 22-CA-000441, to the United States District Court for the Middle District of Florida, Tampa Division.

Respectfully submitted,

/s/ Sherilee J. Samuel
Sherilee J. Samuel (FBN 17499)
Lead Counsel
Rachel E. Eilers (FBN: 1017929)
HILL WARD HENDERSON
3700 Bank of America Plaza
101 East Kennedy Boulevard
P.O. Box 2231
Tampa, FL 33601-2231
PH:    813-221-3900
FAX:  813-221-2900
Email:  sherilee.samuel@hwhlaw.com
            Lisa.Dreggors@hwhlaw.com
Email:  Rachel.Eilers@hwhlaw.com
Email:  Aida.Maarouf@hwhlaw.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **May 25, 2023**, I have filed the above using the *Florida Courts E-Filing Portal* system, which will automatically send e-mail notification of such filing to: **MICHAEL C. BIRD, ESQUIRE** of Morgan & Morgan, Attorneys for Plaintiff at mbird@forthepeople.com, jclaud@forthepeople.com, ddickson@forthepeople.com and gsilveira@forthepeople.com.

/s/ Sherilee J. Samuel
Sherilee J. Samuel
Attorneys for Defendant

Page **8** of **8**