UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NELSON VASQUEZ,

    Plaintiff,

v.                                                                Case No. 8:23-cv-1165-TPB-TGW

TARGET CORPORATION,

    Defendant.
_____/

## ORDER DENYING "DEFENDANT, TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT"

This matter is before the Court on "Defendant, Target Corporation's Motion for Summary Judgment," filed on May 6, 2024. (Doc. 49). Plaintiff Nelson Vasquez filed a response in opposition on May 25, 2024. (Doc. 50). Defendant filed a reply on June 8, 2024. (Doc. 51). After reviewing the motion, response, reply, court file, and record, the Court finds as follows:

### Background

This case arises from a routine "slip-and-fall" incident inside of a Target. On July 31, 2022, Plaintiff Nelson Vasquez and his son were shopping for school uniforms at Target when Plaintiff slipped and fell on an unidentified clear liquid in an aisle, sustaining personal injuries. Prior to his fall, neither Plaintiff nor his son noticed signs of the spill. According to Plaintiff, after falling, he observed a clear liquid substance on the floor with pieces of paper towel in it, footprints, and accumulated dirt.

On January 18, 2023, Plaintiff filed his initial complaint against Target in the Circuit Court for the Thirteenth Judicial Circuit in Hillsborough County, Florida. On May 25, 2023, Defendant removed the case to this Court based on diversity jurisdiction.

## **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

## **Analysis**

In a negligence case, under Florida law, a plaintiff must prove (1) a legal duty to protect the plaintiff from injury; (2) a breach of that duty; (3) actual and proximate

causation; and (4) damages. *See Sutton v Wal-Mart Stores E., LP*, 64 F.4th 1166, 1169 (11th Cir. 2023). Additionally, if a person slips and falls on a foreign substance in a business establishment, the injured person must prove that the business had actual or constructive knowledge of the substance and should have taken action to remedy the condition. § 768.0755, *F.S.*; *Sutton*, 64 F.4th at 1169.

Defendant argues that summary judgment is appropriate because Plaintiff cannot prove that Defendant had actual or constructive notice of the liquid on the floor. Specifically, Defendant contends that there is no evidence to establish that any Target employee created or encountered the substance prior to Plaintiff's fall, or that the condition existed long enough to place Defendant on notice of its existence. Defendant points to Plaintiff's admission that he was not aware of any employee having knowledge of the substance before the fall, and that no Target employee has admitted to creating or encountering the condition. Defendant also points out that Plaintiff did not see the substance when he initially walked down the aisle, nor upon his return to that aisle six to nine minutes later. As such, Defendant argues that Plaintiff cannot establish actual or constructive knowledge of the substance prior to Plaintiff's incident.

However, Plaintiff testified in his deposition about the state of the liquid, including his observation of small pieces of paper towels, accumulated dirt, and footprints in the substance. (Doc. 49-1, Vasquez Dep. at p. 23-25, 35-37). These facts, if believed by the jury, could establish either actual or constructive notice of the spill. Plaintiff's testimony is sufficient – barely – to create a factual dispute that must be resolved by a factfinder rather than the Court. *See Sutton*, 64 F.4th at 1171-72

(reversing summary judgment where plaintiff slipped and fell on a grape because the squished state of the grape, combined with the presence of grape juice, a track mark, and footprints, created a genuine dispute of material fact as to whether the defendant had constructive knowledge of the hazard); *Khorran v. Harbor Freight Tools USA, Inc.*, 251 So. 3d 962, 965-66 (Fla. 3d DCA 2018) (reversing summary judgment due to evidence that employees may have had actual or constructive knowledge of a "dangerous condition"); *Colon v. Outback Steakhouse of Florida, Inc.*, 721 So. 2d 769, 771 (Fla. 3d DCA 1998) (reversing summary judgment where plaintiff slipped on a dirty and crushed potato because the inference that the potato had "gone undetected on the floor for a sufficient period of time to place [the defendant] on constructive notice" and the inference that plaintiff had "herself mashed and dirtied it when she stepped on it" were "equally compelling").  Consequently, the motion for summary judgment is denied.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

1. "Defendant, Target Corporation's Motion for Summary Judgment" (Doc. 49) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of June, 2024.

*/s/ T.P. Barber*

TOM BARBER
UNITED STATES DISTRICT JUDGE